Good morning, everyone. The call of the docket today for Thursday, September 22, 2011. First case is Agenda No. 22, Case No. 111792, Santiago v. E.W. Bliss Co. Counsel for the appellant. Good morning. May it please the Court? Counsel. Tracy Robb for the appellant. Could you speak louder, please? Tracy Robb for the appellant. Thank you. We're here today on a question of law, a question that was certified by the trial court under Supreme Court Rule 308, which asks whether a plaintiff who uses an alias is subject to dismissal if he doesn't notify the court that he is proceeding under an alias. The appellate court interpreted this narrow question quite broadly. It has a lot of ramifications for plaintiffs and plaintiffs' attorneys as well. The appellate court, after considering all the possible basis of sanctions, concluded that sanctions were discretionary, but not before it discussed plaintiffs' attorneys' obligations under Rule 137, which is particularly, you know, puts an onerous burden on plaintiffs' attorneys. The appellate court found that plaintiffs' attorneys could be found, could be sanctioned under Rule 137 if they don't conduct a reasonable investigation. Ms. Robb, is the second part of the certified question dispositive as to whether the amended complaint related back? I would say the first part of the question is dispositive because we submit in our briefs that common law of Illinois has held for many years, that you can change your name. You can assume an alias at will, and you can use that name for all purposes, including legal and all statutory purposes. So if you assume an alias, which is how you are known to everybody around you, how you present yourself to the world, there's no reason you can't proceed in court under that name, according to the common law of Illinois. However, didn't this person, Santiago, go back and forth using his birth name and his alias back and forth? He used his birth name several times while he was employed, and he also used the name Juan Ortiz, his alias, several times. He had a state ID card in one name and his driver's license in another name. I mean, he actually knew what he was doing going back and forth, right? He did. He did. Well, I think he used mostly Juan Ortiz for about 15 years for employment purposes. He used his birth name only when he first came to the United States. Then he adopted this alias, Juan Ortiz, for purposes of obtaining employment. But at will, he used it as his birth name other times, too, up to the recent. I mean, he didn't stop using his birth name. It seems that he mostly used Juan Ortiz. I think he was known to most people, his co-workers, his employers. I think that there are certainly family members who knew him by his birth name and friends. But for purposes of the business of his life, he used the assumed alias. How can you argue this is a misnomer? Okay. I argue it's a misnomer because for purposes of filing the complaint, it's how you were known. There is a real person. You know who this person is. And so it's a misnomer in that he could say his birth name or he could say that it's his alias name. Well, he did mistakenly identify himself. And isn't that what misnomer is? Misnomer is a mistaken identification. But for purposes of this, he chose Juan Ortiz because he was employed as Juan Ortiz. This incident occurred at work. The OSHA reports were in Juan Ortiz. The workers' compensation benefits were paid in the name of Juan Ortiz. So he chose to pursue his legal remedy under the name of Juan Ortiz. But it wasn't a misnomer then? We would submit that it could be viewed as a misnomer. Well, Ms. Robb, you argue with respect to the first point that he had an absolute right to use the name and intentionally use the name Juan Ortiz. Yes. You know, for the purposes of the fact that it wasn't fraudulent and this was an abuse of discretion for the judge to throw it out on that basis, right? Well, candidly, at the trial court level, the judge denied all defendant's motions to dismiss and allowed plaintiff's motion to amend his complaint to add his name. It was only after those motions were ruled upon that the trial court then decided to certify this question because there was no guiding law on it. And on the questions with respect to whether or not he could use this name, you argued that he can use any name. Any name. And he used Juan Ortiz as that name, intentionally used that name. But my first question to you, keeping with what Justice Burke said, was doesn't the second issue control? The amended complaint is filed after the statute of limitations, so you have to argue relates back. And to argue relates back, you don't say anymore that he intentionally used that name. You said it was a misnomer. So which is it? Is it a misnomer, which is a mistake for purposes of relation back, and that's dispositive? Or is he intentionally using the name he has a right to use? Well, I think he's intentionally using the name he has a right to use, but I don't know. Well, then just let's focus then on how does it relate back under that. If misnomer is a mistake and Juan Ortiz is not, that name is not a mistake, how does relation back apply for purposes of the statute of limitations? Okay. Well, I would first argue the point that he has the absolute right to use either name. So if you use, and he's the same person, he's either Mr. Santiago or Mr. Ortiz, being the same human being. So if you get to the relation back argument, it's just how he identifies himself. It doesn't change who he is. It doesn't change the injury that he sustained at his place of employment in the operation of the machinery. Nothing changes. Typically in relation back, there's something that changes, and a mistake, a misnomer is allowed because it doesn't change any of the pertinent facts of the case. It doesn't change the nature of the case. It doesn't change, it doesn't, there's no prejudice that's recognized to the defendants, which is why misnomer is allowed. So the relation back should be allowed because it is the same person. Nothing has changed. You said there is no prejudice. Any alleged by the defendants? They allege prejudice, but at the trial court level, they couldn't specifically identify any particular prejudice. In fact, the trial judge afforded them an opportunity to redepose the plaintiff to ask any additional questions that they might have relating to his identity or any information that they might have not received because of only receiving half of his identity. Don't lawyers generally look into backgrounds of the person who's filed the complaint, maybe financial backgrounds, any criminal background or anything like that? And if they're looking for this Juan Ortiz, they would come up with something else. They wouldn't come up with the real identification and the background of the plaintiff. Yes, they do look into the background. So all that information and all that time, energy and effort and money used to do the preliminary work, wouldn't that be prejudice? I would say that under certain circumstances it could be. I would argue under this case there is no prejudice because he was primarily known as Juan Ortiz. The defendants could not cite to any particular piece of information to which they were shielded or misguided by because of his use of the alias name. Because when he was seeking employment in this country, he needed an alias. Correct. And that would be a major question that an attorney would want to talk to him about is why did you need an alias? Well, I think that the unspoken context here is that we have many illegal aliens in this country who adopt aliases to procure work to support their families. And that would be helpful to an attorney to know in a lawsuit. I agree. I don't disagree with that. On the other hand, I think you have to look at these in a case-by-case basis. And in this case, there was no prejudice that accrued to the defendants. If they even thought there was, they might have availed themselves of the opportunity afforded them by the trial court to pursue additional discovery. They didn't. That speaks loudly, that there was no actual prejudice. There could be under certain circumstances, as in the cases that were cited by the appellate court, those federal court cases, the Seventh Circuit case and the Eleventh Circuit case. Would this court be condoning fraud and illegal activity if we adopted your position here? Because the alias, in fact, the plaintiff admitted that he adopted the alias for purposes of gaining employment illegally, right? Yes, he did. But we have to look at the other, the law as it stands, which affords a right to all illegal aliens to seek redress in the courts in the state. The question here isn't whether he could pursue his remedy. It's whether he could pursue his remedy using his alias name to which he was known to his employer. To pursue his remedy under his birth name would necessarily cause him to reveal information to his employer, which would result in his employer being obligated to dismiss him under the federal law, immigration. So the question is, do I pursue my remedy in court, or do I forego that remedy because I want to maintain employment? That's the conundrum that faces the illegal aliens here. I think we could look at this case in another way if we looked at, if we took it out of the context of illegal alien and other types of people who assume aliases, like movie stars. If this case were filed in the name of, I think it's Bernard Schwartz or Tony Curtis, his real name is Bernard Schwartz, would there be any question that we know who Tony Curtis is, that we know all about Tony Curtis? Would there, in the relation back, going to your argument or your question about the relation back, is there a difference between Bernard Schwartz and Tony Curtis? Does it make a difference, then, what plaintiff's motive is for using a fictitious name? Plaintiff would submit that that absolutely makes a difference. And so getting back to what Justice Thomas asked you, if we say, well, his motive was he wanted to get employment because he's an illegal alien, aren't we condoning illegal activity by saying, well, he was in the conundrum you described? I don't believe so, because if he used his real name to pursue his legal remedy, he would still have the right to pursue his legal remedy. So why would he not be permitted to use his alias to pursue his legal remedy if, you know, if using the Tony Curtis example, would somebody file a motion, is that subject to a motion to dismiss, if he files in his adopted alias? Do you agree that you were subject to the Code of Civil Procedure 5-2-401C that says, upon application for good cause shown, parties may appear under fictitious names? The plaintiff would submit that that's not applicable here because a fictitious name, as defined under 401, is a name adopted to shield the identity of the plaintiff. The purpose of 401 is to provide. Isn't that just what you said he was doing, to get employment? He was shielding his real identity and coming up. He admitted that. That's not the question contemplated by 401, though. The 401 is whether. What did you just say, to shield his identity? To shield his identity. Right, and he was with his employer. He came up with a new name to shield his identity. I would submit that he adopted an alias in an effort to secure employment. I think that could he have secured employment in his birth name, he would have. There was no intent to deceive. Then why didn't he use his real name? Because he couldn't have secured employment because he was in the country illegally. I'm having a tough time seeing the difference there. I have to be honest. I don't know why that isn't shielding. It's not shielding because his right to access to the courts is not impacted by his status as an illegal alien. So the distinction is he has a right to access to the courts, illegal alien or not. Is he forced to assume, to use his birth name, or can he use his assumed name or alias? I see it's the same person. It's the same information. It's the same identity. Well, counsel, is the focus, the test, the threshold, is it the use of the name for purposes of gaining employment originally, or is it the use of the name and any prejudice or ramifications from it with the use of that name in this lawsuit for the subject matter of the case, and that's a claim for damages for injuries sustained as an employee? I mean, aren't there two different ways to look at this? Yes. I think I might have been artful and inartful in trying to describe it. His claim for damages – I wasn't suggesting you were. I just want to make sure. Right. It is different. I mean, once you get to the point where you accept that illegal aliens have a right to pursue a remedy, then you ask, can they use that alias that they've been known by and worked under? Does that comport with our common law and our statutory law? And I would submit that it does comport with the common law, and I would further submit that it does not violate Section 401 because it's not a fictitious name. It's not intended to deceive the court, the parties, the judicial system, or the judicial process. That's what 401 gets to. So is there any sanctionable conduct here at all? I think in situations like this, you have to look at it at a case-by-case basis. And in this particular case, I would say no. There's no sanctionable conduct because no prejudice accrues to the defendant, and this plaintiff never provided the defendants with false information like some of the other cases did. He didn't provide a false Social Security number in his answers to interrogatories. He didn't provide a false birth date. He used his alias and his address. Counsel, I think there's no question of the fact that common law, one could adopt a name that one wished. However, you seem to ignore the qualification imposed on that rule by this Court in 1933 in Rankin. Can you discuss that? Is it only valid if such action does not interfere with the rights of others? And isn't that the case here? The plaintiff's adoption of the alias Juan interferes with at least the rights of the employer to hire him and the defendants? Hire the person they think is Juan Ortiz. I can't really speak to how it would impact the employer. I can speak to this particular. Well, it begins. I mean, there wouldn't be a workman's compensation case without having been employed. So the rights of others under Rankin. Right. Well, the rights of the parties to this litigation is, I think, what we really need to focus on or this case focuses on. And I don't see how if there's no prejudice, there's no prejudice. To the defendants. So I think that he has an absolute right to use his alias. Was there anything in the record that we can look at that talks about, and I'm not saying this is the focus, but if we were to focus on this, on the circumstances of when he was hired and what the employer looked at, employment documents? I don't believe so. Because this is the third-party case against the machine manufacturers, distributors, people who maintained it. So I don't think there's anything in the record that relates to what his employer knew or didn't know how he represented himself to his employer. It's clear that he represented himself to his employer as Juan Ortiz because the workers' compensation benefits were paid to that name. The OSHA reports were in that name. Thank you. You may conclude. The plaintiff would submit that he validly assumed an alias and he didn't violate Rule 401 or any of the other rules of the court. Thank you. Thank you. Counsel for the appellee. May it please the Court, Counsel, Brian Patrick Shaughnessy on behalf of the Appellee Unique Machine Repair. In reviewing this case, it seems to me that what we're dealing with here is some very significant issues. This is a case about the truth, the truth, and Mr. Santiago's absence of truth in the way he conducted himself in this matter. It's also about, I think, maintaining the integrity of our judicial system. There's no question about that. As you know, there was a certified question, and Counsel talked today a lot about the assumed alias and the alias, but I want to remind you that the certified question that's before this Court talks about the plaintiff's intentional filing of a complaint using a fictitious name, not an assumed alias.  And to determine whether or not to dismiss this complaint, the Second Amendment complaint, as a sanction for the failure of Mr. Santiago to follow the rules of this Court or to dismiss the case because it was filed beyond the statute of limitations, I think the answer to both of those questions is yes. I think what we need to do in this case is examine the facts. It's very important in the consideration of this matter. Mr. Santiago, the plaintiff, entered this country illegally. He used his real name, apparently, according to his deposition, for about five years. Then he used the name Juan Ortiz for two to three years, and he testified in his deposition that he used that name so he wouldn't have to use his name to get a job. He was using that to avoid a problem in getting a job. So how did the adopted name make it? What was the legal status of that name? Why was that beneficial to him? Because I haven't examined the record before. It was beneficial to him, I think, as we heard in the argument from the plaintiff, that it allowed him to get a job, which he otherwise wouldn't have. Well, that's what I'm asking. How did that name allow him to get the job? Apparently, Judge, he allowed, he used that name to get a job because he was concerned perhaps of losing his status in this country, using his ability to live in this country. I guess I'm not being clear. How does the name Juan Ortiz give him a better status to get the job than his real name? I understand there were problems with his immigration status, but I want to know how the name Juan Ortiz actually made it possible for him to get the job. I mean, the court still had to make a determination. He didn't explain why that name was significant. And that question wasn't asked in the deposition. That's correct. But that was used, that's the name he used to get the job that he had at the time of the incident. How was the defendant heard in its investigation in establishing its defense, preparing its defense by the time sequence here? Was there sufficient time after the complaint was amended to prepare? The knowledge concerning his true name was not found out until much later, and certainly that could affect getting information concerning prior injuries, prior accidents. Was there a time when discovery was closed? Discovery wasn't closed. But, you know, I think one of the things, Your Honor, that we have to look at in terms of prejudice is not only those factors, but also the fact that there has been a great deal of time and money expended on pursuing this fictitious issue, motions in court, appeals. And I think that has a big part, it plays a big part in the assessment of whether the defendants have been prejudiced. It's more than just the discovery, which we could not determine until after the statute of limitations ran. I think that- Are there other avenues available for punishing a person who would attempt to do this within the court system, perjury charges? Do we have to take this step of allowing a potential tort visa to escape liability through this process? Judge, there very well may be, but I think if you look at the entire picture in this case and the way the plaintiff conducted himself, I think that a sanction, an appropriate sanction, is the dismissal of this case. I would direct your attention to the Broward case, which talked about, it was a Louisiana case, Rodriguez v. Bollinger. In that case, the plaintiff acted very similarly to the case, the plaintiff in this case. He lied about his true name to get a job. He gave the wrong date of birth, just as Mr. Santiago did in this case. He filed a civil suit under a false name. He lied in interrogatories about his true identity, which Mr. Santiago did in this case. And I would point out to you that there was an interrogatory that we sent, interrogatory number one, that asks the plaintiff to identify his name and any other names that he's used. And the only name that Mr. Santiago put on that interrogatory answer was Juan Ortiz. And significantly, he certified those answers. That's one of the things that I think makes this case such that it does warrant the dismissal of the case as a sanction. Excuse me, could you back up? He certified, I didn't quite catch that. What did he certify? He certified his answers to interrogatories, Judge. And the answers to interrogatories contained what information? Well, not only does it, in the three sets of interrogatories, identifies himself as Juan Ortiz, a false name, a fictitious name, but there's even an interrogatory that we asked, interrogatory number one, that asks to identify any other names, and he did not identify any other names that he used. He just used the name Juan Ortiz. This was an intentional act by Mr. Ortiz or Santiago. In that Rodriguez case in Louisiana, I think the court's opinion is significant here. It said that the plaintiff's conduct so violated the judicial process that imposition of the harsh penalty was appropriate. And that's exactly what we're dealing with here. Mr. Santiago abused this system. He files a lawsuit under a fictitious or false name. He answers interrogatories that he certifies. The signature is there, which is untrue. He filed the second, he filed the First Amendment complaint that had the false or fictitious name. This type of conduct cannot be condoned by this court. It violates various, several rules of court. And I don't think this court should condone that and allow that to occur. So I think this is an appropriate sanction to dismiss his complaint, the Second Amendment complaint, for the way he conducted himself in this case. That's ultimately what we're dealing with here, whether it would be an abuse of discretion to dismiss the complaint under these circumstances. Yes, sir. And I don't believe it is an abuse of discretion, and I think the language in that case from Louisiana kind of sets forth why that's the case. You can't abuse our judicial system like this. If we determine that the dismissal of the second complaint was improper, would we have to reach the mandatory sanction issue? I'm sorry, would you repeat that, sir? Would we have to reach the mandatory sanction issue if we determine that the dismissal was improper? If the dismissal? The second complaint. Well, I think that the fact, if you're talking about that second basis, the second part of that certified question, that it should be dismissed because it was not filed within the time allowed that is barred by the statute of limitations. Are you saying, sir, if that is not the decision? Yes. Let me say it again. If we should determine that the dismissal of the second complaint was improper because the relation back doctrine does not apply to an elegy, would we then have to reach the mandatory sanction issue? Yes, sir. And I think under either point, the second amendment complaint should be dismissed. As a sanction, number one, and number two, as the appellate court found, it was not timely filed. Could we determine a different sanction rather than dismissal of the complaint? If you find there is some other sanction available, judge, then I think the case still has to be dismissed for the reasons the appellate court found, that it was not filed on a timely basis. It was filed, the true name is identified after the statute of limitations is run, and it does not relate back. Counsel, is it in the record whether or not Mr. Santiago speaks English? You know, I believe, sir, he was. This was done through a Spanish interpreter. The deposition? The deposition, yes. Is there anything in the record indicating whether or not the answers to interrogatories? Well, if he doesn't speak English, he presumably doesn't read English. That's a fair assumption, isn't it? Yes, sir. I think it's also a fair assumption that counsel, for the plaintiff, would have gone through the interrogatories if necessary in Spanish. Well, that's my next question. Is there anything in the record indicating whether or not the interrogatories were translated? They certainly weren't proposed in Spanish, I presume. They were not. And there is no discussion of that in the record. But, again, I think we can presume that an attorney representing the plaintiff would do what is necessary to make sure that his client understands the questions, that he understands the certification. Well, my question was, do we know from the record? We don't know from the record. No, sir, we do not. That was not a question that was asked during the deposition. Well, let me ask you this question to make sure I'm clear on this. I actually get two questions, maybe three. At the deposition, though, it is clear in the record that there was a translator? Yes. All right. Now let me ask you this. If a witness in a trial testifies, even a party witness, and makes an incorrect statement, call it not true, but then during the testimony, before the case is over, corrects that statement, is there a sanction due? Is there a mandatory strict liability sanction that's imposed? Or does a party have a right to correct their answer? I think if it's not an intentional lie, I think if it's a lie, it would be sanctionable. So what is the standard to determine it's intentional? I think that we can look at the history of this case. This is the filing of a complaint. This is not done in an afternoon at a trial. Obviously, there is time spent meeting with the client. There is presumably the attorney goes through the complaint with his client and files the complaint. We look at interrogatories. Time is spent thoughtfully, presumably, going through those questions and answers. So I see a real distinction between something that would come up at trial, perhaps a misstatement, and what we're seeing in this case, which is intentional misrepresentation by Mr. Santiago, who had plenty of time to put things right. He should have, from the get-go, identified his true identity and gone forward. But he did not do that. Mr. Shaughnessy, and this question is for Ms. Robb as well, but I think since you won't have a chance to get up again, I'd ask it. I presume that the 308 certified question below was discussed by counsel and the wording of that was discussed by counsel, right? Yes. And this is really in response to the Tony Curtis example of the alias, and I think you started by saying that this wasn't an alias. This was a fictitious name to procure employment. I look at the wording of the question that was answered in the 308 appeal, and it says when an injured plaintiff intentionally files a complaint using a fictitious name. So it appears to me that at the trial court level there was an agreement between counsel that this wasn't an alias. This was a fictitious name used for some purpose. What's the import of that as it relates to both the first argument and whether or not it would be of use of discretion in light of that to issue this sanction, and then the second argument as well, whether it's a misnomer? Well, I think that that's very significant. I think at the time at the trial court level there was no objection by plaintiff's counsel that this was not a fictitious name. That's the way this question went up to the appellate court, so I think that's very clear that there is no question at that time that what we were dealing with was a fictitious name and not a validly assumed alias. So I think for that reason alone the arguments about the alias are moot. I mean they have no bearing, they have no weight in this case because that's not what this court is to be considering. I think that, again, because of Mr. Santiago's conduct using this fictitious name, an appropriate sanction is dismissal of his case. And when we get to the second question relayed back, it's not a misnomer. A misnomer is a mistake. This was not a mistake. Mr. Santiago knew the name he was using. He wasn't confused about what his real name was and he chose to use a fictitious name. So this isn't a misnomer. It doesn't relate back. It's also a nullity, besides the case, the Elton Telegraph case. It's a nullity, so from the very beginning the original complaint was a nullity. So if everyone agreed it was a fictitious name, what was the advantage to this defendant in using it? He wasn't taking someone else's identity. Judge, we know that he used this name to get a job. That's what the discovery shows. He used a fictitious name to get a job. Not because it had any particular value. No. The value to him, apparently. Just the name. Well, apparently to him it had some value because he was afraid he was going to lose perhaps the. But that name was of no value. The name Juan Ortiz, we have no idea why he chose Juan Ortiz. That was not discussed during his deposition. What we do know is that he intentionally used that name basically as a shield to secure employment. He had a legal status, and then he pursued that through the filing of this lawsuit. As a shield from what? Was there anything later discovered in his background that would have stopped him from getting employment, if known at the time he applied for employment? Judge, we don't know the answer to that question. We don't know the answer to that question because that was not discussed at his deposition. What we do know is that he used that to gain employment. He used a fictitious name to get employment, just like the Rodriguez plaintiff did in that Louisiana case. He lied about his true identity to get a job. That's how it started. And he followed through in this case, filing a complaint. Are employers still fined for hiring illegal immigrants? Judge, I believe that's to be the case, but I have to say we did not. That wasn't part of this appeal? No. But you said the harm would be to the employer as well, and I'm just wondering what the harm is hiring somebody. If he knew he was illegal, would he have hired him because the employer would be liable? Presumably he wouldn't. He would not be hired unless he used this fictitious name. I think that's how we have to look at it. Well, isn't it also true that an employer has an obligation to examine, I think it's called an I-9 form, and that wasn't discussed? That was not discussed, Judge. That was not part of the discussion. It's not part of the record. And just for the record, the I-9 is the number I recall. It may be another number, but that's the one that employers are supposed to look at to verify that the person who presents for employment is, in fact, whether they're a U.S. citizen or have a proper visa, are eligible for employment. But we don't know if the employer. We don't know. And we do know that Mr. Ortiz slash Santiago was not a legal alien. He didn't secure that status. In fact, it's kind of interesting. He apparently secured that status in January of 2009 but continued. He filed his answers to interrogatories in February of 2009, still maintaining the name Juan Ortiz, still certifying that the answers were true. And that is a severe violation of our rules. And it's because of this continual misuse of our system, of the statutes, that Mr. Santiago must be sanctioned. This court has to maintain its integrity. And Mr. Santiago abused that integrity. So for the reasons we've expressed today and in our brief, we ask that you answer yes to both of those questions and the certified question. His complaint should be dismissed by reason of a sanction against him for his conduct and also that the complaint should be dismissed, as the appellate court did, with respect to the fact that the Second Amendment complaint was not timely filed. Thank you. Your time has expired. Thank you. Ms. Robb? Yes. Hi. I'm sorry. I know. Sometimes you can't tell where the voices are coming from. I want to focus just on the relation back for a minute. Second Amendment complaint was he had his Santiago, right? He had the name Santiago on the Second Amendment complaint. That's right. Now, alias versus fictitious name is really in the eyes of the beholder, right? I would say that the case law says otherwise. Well, Tony Curtis, Ben Schwartz, I mean, he uses that as an alias. You wouldn't say that was a fictitious name. I would not say that that's what the law defines as a fictitious name. I would say the law defines that as an assumed alias. A fictitious name, by the cases that interpret what that means, and 401, is an identity assumed to shield the identity of the true identity of a party plaintiff. So a fictitious name, as was discussed in the Dotson case in the Seventh Circuit and the Socorros case in the Eleventh Circuit, is intended to deceive the court, the judicial system, and the defendants in the case. Okay. So let's use that definition. I told you earlier I had trouble with this whole shield from your perspective, right? Okay. We have a certified question where the attorneys agree to use the term fictitious name. That's not in question. Plaintiff objected to the certification of the question in its entirety. But had some impact on the wording, right? The language was drafted by the defendants. I was not trial counsel. I can't say for certain exactly which objections to the wording were posed, but I do know that there was an objection to the entire certification of the question in light of the fact that all the dispositive motions had been ruled upon. Okay. But at any rate, the appellate court gets the word fictitious name. The appellate court gets the word fictitious name. Okay. And going back to the intent of the parties to shield, we also have in this record the fact that he admits that he had used this fictitious name for purposes of shielding his identity at least as it related to his employment. The characterization of shielding his identity vis-a-vis his employer is not something I can really speak to. Well, he said, I used this name because I wanted to get employment. He did use this name. I mean that. He did. Right. So now for purposes of related back, you know, if we only focus on that, you say, well, it's a misnomer. Misnomer would be a mistake. If he's, if it's, if we find that it's a fictitious name, how could it be a mistake? Because that would indicate he's using it for purposes of a fiction rather than for the truth. Well, a mistake is, a misnomer is not necessarily always a mistake. It might be a mistake. It's also, according to some of our treatises, means nothing more than a party is styled in other than his or her own name. So it's a mistake. It could be a mistake in some of the cases where they identify an ongoing business as a corporation when it wasn't truly incorporated.  But sometimes it can just be that you're styled in other than your own name. Tony Curtis. My opponent started his conversation with the court with the notion of truth and getting to the truth of the matter. The entire conversation here focuses on conduct of the plaintiff. Missing from this discussion is any conduct on the part of the defendants in causing an injury to this plaintiff. It's the truth. That's not before us though. No. But it's getting to the idea of a sanction of dismissal relieves the defendants of the obligation to defend themselves in the underlying case, in the injury to the plaintiff. The injury to the plaintiff is a fact whether we're discussing it at the moment now. Do they simply get to not address it because they're of a technicality? Isn't that the triumph of form over substance? Do you remember Chief Justice Kilbride's question about is it a fiction on the court versus a fiction on the employer? Yes. What about the fact that in interrogatory was answered that there were no other aliases? And he said, Juan Ortiz is my name. I wrote that down to address it. As I stated in my opening, Mr. Ortiz only stated that his name was Juan Ortiz and gave his address. I happened to look at all of the sets of interrogatories yesterday, and all of the sets of interrogatories that were two, the two where he gave his name, that were propounded on, Mr. Ortiz asked only what his name was, his address, his marital status, his birth date, and some other identifying information. His answer was Juan Ortiz and the address. It didn't ask if you were ever known by any other name. That will be in the record, right? That's in the record. Because you said it's interrogatory number one. It is interrogatory number one. The interrogatories that were included and propounded on Mr. Ortiz are the exact sample interrogatory number one from Rule 213. Those ask those particular questions about your name and your Social Security number, but they don't ask, it doesn't ask about whether you've been known by another name or not. Just for one quick brief second, I want to distinguish this case from the Rodriguez case that my opponent points to. The Rodriguez case is New Orleans, Louisiana case, and it appears similar, but it's not similar because Mr. Rodriguez, the plaintiff in that case, admittedly committed identity theft. In his answers to interrogatories, he provided a complete alternative identity. His name, Social Security number, date of birth, he completely assumed the identity of another person. It was only through Social Security records that his true identity was revealed. In addition, after the defendants became aware that there was a theft of an identity, for lack of a better word, he refused to confess to that fact, and it took the defendants many thousands of dollars and another year and a half of discovery with Social Security and so forth before that case was concluded. I would like to sum up by saying that there is a difference between an assumed alias and a fictitious name, and that the inartful drafting of 308 should not mislead the court. The court should view all the questions in light of the facts of the case that are presented before it, and if the words fictitious name were included in there, it completely ignores the fact that there's an assumed alias. I think all the parties below agreed that Mr. Ortiz used a name other than his birth name, but I don't think that all the parties would agree that it was a fictitious name, and there is a distinction to be drawn there because the distinction goes to the person's intent in assuming the identity, and it's distinguishable similar to those criminal cases in the Seventh and Eleventh Circuits. Thank you. Thank you. Thank you. Case number 111792, Santiago v. E.W. Bliss, Company et al., is taken under advisement as agenda number 22. Thank you for your arguments today.